**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Michael Thomas,<br><br>Petitioner,<br>v.<br><br>Warden McCormick Correctional Institution,<br><br>Respondent. | Case No. 6:26-cv-2589-RMG<br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that Petitioner's habeas petition submitted pursuant to 28 U.S.C. § 2254 be summarily dismissed because it is a second and successive petition and Petitioner has not obtained authorization to file a second and successive petition from the Fourth Circuit Court of Appeals. (Dkt. No. 16). Petitioner was advised that he had 14 days to file written objections to the R & R and that a failure to timely file objections would result in clear error review and a waiver of the right to appeal the district court's order. (*Id*. at 6). No written objections have been filed.

## I. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where a party fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must

only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

## II. Discussion

Petitioner plead guilty to kidnapping, first degree burglary, and criminal sexual conduct in the Richland County General Sessions Court on April 23, 2016 and was sentenced to 30 years in prison. Petitioner filed his first habeas petition with this Court on October 3, 2022 and it was dismissed on its merits on February 20, 2024. Petitioner moved for reconsideration, which was denied on April 10, 2024.

The Court finds that the Magistrate Judge ably addressed the factual and legal issues in the R & R and correctly concluded that the present petition is a second and successive petition and Petition has not obtained authorization from the Fourth Circuit to file a second and successive petition. Consequently, the Magistrate Judge correctly concluded the petition is subject to summary dismissal.

## III. Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right. (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted); *Slack v. McDaniel*, 529 U.S. 473, 484

(2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001) (citation omitted). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## IV. Conclusion

For the foregoing reasons, the R&R (Dkt. No. 16) is **ADOPTED** as the Order of the Court. The petition is **DISMISSED** and a Certificate of Appealability is **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 21, 2026
Charleston, South Carolina